UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-22127-CIV-MARTINEZ/SANCHEZ

ZURU INC.,

    Plaintiff,

v.

Bytor, CANGLI US (MUYMUT),
nan'jing'bo'ang'wang'luo'ke'ji'you'xian'gong'si,
Anyanghanzi,
ZhengZhouChuanChunShangMaoYouXianGongSi,
aixinfustore, Tezget (Piragha),
pengfeikuajingdianzishangwuyouxiangongsi, and
yaojinhuadedianpu,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

    This matter is before the Court on Plaintiff's Motion for Entry of Preliminary Injunction. ECF No. 46.[1] Plaintiff seeks the entry of a preliminary injunction, including the entry of an order restraining assets, against defendants Bytor, CANGLI US (MUYMUT), nan'jing'bo'ang'wang-'luo'ke'ji'you'xian'gong'si, Anyanghanzi, ZhengZhouChuanChunShangMaoYouXianGongSi, aixinfustore, Tezget (Piragha), pengfeikuajingdianzishangwuyouxiangongsi, and yaojinhuadedianpu (collectively, "Defendants"),[2] based on alleged copyright infringement, pursuant to 17 U.S.C. §§ 502 and 503, Fed. R. Civ. P. 65, and the All Writs Act, 28 U.S.C. § 1651(a).

    The Court held a hearing on July 14, 2025, at which only counsel for Plaintiff was present and available to provide evidence supporting Plaintiff's motion. Defendants have not responded

---

[1] Judge Martinez referred all matters relating to Plaintiff's Motion for Preliminary Injunction to the undersigned. ECF No. 47.

[2] Defendant zhangshuyai22 has been dismissed from this case, ECF Nos. 51, 52, and is not subject to the injunctive relief addressed in this Report and Recommendation.

to Plaintiff's motion, have not made any filings in this case, and have not appeared in this matter, either individually or through counsel.[3] Having reviewed Plaintiff's motion, the pertinent portions of the record, the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 46, be **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff Zuru Inc. ("ZURU") is a "licensee of the intellectual property rights associated with FIDGET CUBE products as granted by Antsy Labs, including the FIDGET CUBE Copyright." ECF No. 16 at ¶ 25; ECF No. 20-2 at ¶¶ 15, 17 (Declaration of Sam Shen). In 2016, Antsy Labs registered the FIDGET CUBE toy design (the "Copyrighted Work") with the U.S. Copyright Office under registration number VA 2-136-244. ECF No. 16 at ¶¶ 26-27; ECF No. 20-2 at ¶ 16; *see also* ECF No. 16-1 (certificate of copyright registration). Antsy Labs thereafter licensed the rights to the Copyrighted Work to ZURU. ECF No. 16 at ¶ 28; ECF No. 20-2 at ¶ 17.

ZURU "designs, manufactures, and markets innovative toys and consumer products" that are sold on authorized retailers such as Amazon.com, Walmart.com, and Target.com. ECF No. 16 at ¶¶ 18-19; ECF No. 20-2 at ¶¶ 7, 9. ZURU "offers for sale and sells its products" within this district, the State of Florida, and throughout the United States. ECF No. 16 at ¶ 20; ECF No. 20-2 at ¶ 10.

Defendants, through e-commerce stores operating via Internet marketplace platforms under their seller identification names identified in the Amended Complaint (the "Seller IDs"), *see* ECF

---

[3] Plaintiff has filed a Waiver of Service of Summons and Agreement to Continue Restraints, which was signed by Jessica Fleetham on behalf of Defendant CANGLI US (MUYMUT) ("CANGLI"), ECF No. 54, but neither CANGLI nor any attorney representing CANGLI has made an appearance in this case nor made any filing with the Court. Additionally, Plaintiff has informed the Court that Defendant CANGLI has represented to Plaintiff that CANGLI is not contesting Plaintiff's Motion for Preliminary Injunction.

No. 16 at ¶ 31, have advertised, promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or derivatives of Plaintiff's Copyrighted Work.  ECF No. 16 at ¶ 74; ECF No. 20-2 at ¶ 31; ECF No. 20-1; ECF No. 20-3.

Plaintiff submitted sufficient evidence showing that each Defendant infringed on Plaintiff's Copyrighted Work.  ECF No. 20-2 at ¶¶ 22-31; ECF No. 20-3; ECF No. 20-4 at ¶¶ 9-14, 33 (Declaration of Joel B. Rothman).  Defendants are not and have never been authorized or licensed to use, reproduce, or make reproductions of Plaintiff's Copyrighted Work.  ECF No. 20-2 at ¶¶ 27, 31, 47.

Plaintiff hired an investigator to "investigate the promotion and sale of infringing versions of Plaintiff's products by Defendants" and "to obtain the available payment information for funds paid to Defendants for the sale of infringing products" through the Seller IDs.  ECF No. 20-2 at ¶ 20; ECF No. 20-4 at ¶ 9.  The investigator accessed the e-commerce stores operating under Defendants' Seller IDs, and Plaintiff captured detailed web page screenshots and images of the infringing products Defendants offered for sale, which reflected infringing products bearing or using Plaintiff's Copyrighted Work.  ECF No. 20-2 at ¶¶ 22-25; ECF No. 20-4 at ¶¶ 10-14; *see also* ECF No. 20-3.  Plaintiff also visually inspected the products and verified that each Seller ID offered shipping to the United States.  ECF No. 20-2 at ¶¶ 28, 30, 31.  After reviewing and visually inspecting the detailed web page screenshots, the investigator and Plaintiff determined the products were non-genuine, unauthorized versions of Plaintiff's Copyrighted Work.  ECF No. 20-2 at ¶¶ 28-30; ECF No. 20-4 at ¶ 12.

On May 8, 2025, Plaintiff filed its Complaint against Defendants for willful copyright infringement.  ECF No. 1.  Defendants were identified in the Complaint as "the Individuals, Partnerships, and Unincorporated Associations Identified on Schedule 'A.'"  *Id.*  On June 4, 2025, Plaintiff filed an Amended Complaint against Defendants for willful copyright infringement.  ECF

3

No. 16.  The Complaint was amended to name the Defendants and otherwise comply with the Court's Omnibus Order, ECF No. 5.

On June 6, 2025, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, ECF No. 20, which the Court granted on June 11, 2025, ECF No. 24.  Plaintiff also served each Defendant, by e-mail and through Plaintiff's designated notice-serving website, with a copy of the Complaint, the Order Granting *Ex Parte* Motion for Temporary Restraining Order, and all other filings in this matter.  *See* ECF No. 45. On July 8, 2025, Plaintiff also served each Defendant with a copy of the Plaintiff's Motion for Entry of Preliminary Injunction and the Court's Order Setting Preliminary Injunction Hearing and Briefing Schedule.  ECF No. 53.

## II.    LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.  To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

A copyright infringement action requires a plaintiff to prove (1) ownership of a valid copyright, and (2) actionable copying by the defendants.  *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

As outlined below, Plaintiff submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities.  *See, e.g., Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting

preliminary injunction against defendants who failed to respond or appear in the case after plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

### III.  ANALYSIS

The declarations and exhibits that Plaintiff submitted in support of its motion support the following conclusions:

A. Plaintiff has a substantial likelihood of success on the merits of its claims. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing or using unauthorized reproductions or derivates of the Copyrighted Work.

B. Because of the infringement upon Plaintiff's Copyrighted Work, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted.  The following specific facts, as set forth in Plaintiff's Amended Complaint, the instant motion, and declarations and exhibits accompanying Plaintiff's Motion for Temporary Restraining Order (ECF No. 20), demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued:

   i. Defendants own or control e-commerce stores via Internet marketplace platforms operating under their Seller IDs which advertise, promote, offer for sale, and sell products to customers in the United States that infringe upon Plaintiff's Copyrighted Work in violation of Plaintiff's rights;

   ii. There is good cause to believe that more infringing products using or bearing Plaintiff's Copyrighted Work will appear in the marketplace; that consumers

   are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing goods through their e-commerce stores and freezing their ill-gotten profits if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

D. The public interest favors issuance of a preliminary injunction to protect Plaintiff's legitimate intellectual property interests, prevent consumer confusion, and protect the public from being defrauded by the palming off of infringing goods as Plaintiff's genuine goods.

E. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

F. In light of the likelihood that Defendants have violated copyright laws, there is good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV. CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 46, be **GRANTED**. The undersigned further recommends that the preliminary injunction provide as follows:

(1) Each Defendant, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with Defendants be preliminarily enjoined and restrained from:

    a. Manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the Copyrighted Work, other than those actually manufactured or distributed by Plaintiff; and

    b. Secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing or using the Copyrighted Work; (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing or using the Copyrighted Work; or (iii) any assets or other financial accounts subject to this Preliminary Injunction, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant; and

    c. Copying, displaying, distributing or creating derivative works of Plaintiff's Copyrighted Work.

(2) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Preliminary Injunction shall immediately discontinue, until further order of this Court, the use of the Copyrighted Work on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This Preliminary Injunction is limited to the Defendants' listings using the Copyrighted Work, on or

7

        in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Preliminary Injunction shall immediately discontinue the use of the Copyrighted Work from any webpage, any advertising links to other websites, search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

(4) Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

(5) Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Preliminary Injunction.

(6) Upon receipt of this Preliminary Injunction, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon Payments, Inc. ("Amazon"), and any other Third Party Providers, including PayPal, Amazon Pay, Stripe, and others, shall immediately, to the extent not already done:

    a. Identify all financial accounts and funds associated with the Internet-based e-commerce stores operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified in Exhibit 1 hereto;

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court;

    c. Divert those restrained funds to a holding account for the trust of the Court.

(7) Upon receipt of notice of this Preliminary Injunction, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon, PayPal, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and subaccount(s) which have been restrained; (iii) the historical sales for the Defendants' listings that are alleged to infringe Plaintiff's Copyrighted Work; and (iv) the true identities along with complete contact information including email addresses of all Defendants.

(8) No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to Amazon, PayPal, Stripe, and their related companies and affiliates, for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(9) No Defendant whose funds are restrained by this Preliminary Injunction may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to Amazon, PayPal, Stripe, and their related companies and affiliates restrained by this Preliminary Injunction, to any other financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website without the express authorization of this Court.

(10) This Preliminary Injunction shall apply to the Seller IDs listed in Exhibit 1 attached hereto, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting and/or copying the Plaintiff's Copyrighted Work.

(11) This Preliminary Injunction shall remain in effect during the pendency of this action or until such further date set by the Court.

(12) Any Defendant that is subject to this Preliminary Injunction may appear and move to dissolve or modify the Preliminary Injunction and the asset restraint set out in the Preliminary Injunction in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. Any third party impacted by this Preliminary Injunction may also move for appropriate relief.

(13) Plaintiff shall maintain its previously posted bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), to pay for any costs or damages to which any party may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until this Preliminary Injunction is terminated. In the Court's

discretion, the bond may be subject to increase should a motion be made in the interest of justice.

_____

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge.  Accordingly, the parties shall have **until July 24, 2025** to file and serve any written objections to this Report and Recommendation.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 17th day of July 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    Counsel of Record

| Company Name Provided Online | Seller Name | Amazon Seller ID | Physical Address provided online |
|---|---|---|---|
| shanghaicanglijianzhushejishiwusuo | CANGLI US (MUYMUT) | A1Q0JOHQF8XNC | 国晓路668弄10号102<br>国晓路668弄10号102<br>上海<br>杨浦区<br>200438<br>CN |
| nanjingboangwangluokejiyouxiangongsi | nan'jing'bo'ang'wang'luo'ke'ji'you'xian'gong'si | A2U1C0EW75BQHM | 江北新区葛塘街道<br>浦六北路216号A3栋2951室<br>216号A3栋2951室<br>南京市<br>江苏<br>210000<br>CN |
| huizhoushizhanghuakejiyouxiangongsi | Bytor | A1KBGEOWVHG6PD | 惠城区四环南路3号<br>读者文化园E座1005室<br>惠州市<br>广东<br>516000<br>CN |
| xiantongfeng | Anyanghanzi | A3N2GOZ2OJRO9H | 大学南路92号院<br>兰亭名苑18号楼一<br>单元5层东户<br>郑州市<br>二七区<br>河南省<br>450000<br>CN |

**EXHIBIT 1 - Page 1 of 3**

| Company Name Provided Online | Seller Name | Amazon Seller ID | Physical Address provided online |
|---|---|---|---|
| ChenJiaYi | ZhengZhouChuanChunShangMaoYouXianGongSi | A2VLCXJP5GMOKR | 航海路连云路正商城航海广场B座11楼1103号 郑州市 二七区 河南省 450000 CN |
| changshameixiaoqimaoyiyouxiangongsi | aixinfustore | A3KINH61WZK3PK | 开福区 洪山街道洪山桥社区藏珑公馆2栋2127房 长沙市 湖南省 410000 CN |
| Cigdem Hacisalihoglu | Tezget (Piragha) | AYVXPU1V9FHFZ | 709B Tuskegee Dr Wylie Texas 75098-8619 US |
| jiangpengju | pengfeikuajingdianzishangwuyouxiangongsi | A3CMT24JIBTZGW | 青秀区金湖路59号地王国际商会中心4502号134号房 南宁市 广西 530000 CN |
| jinjiangshibubeidianzishangwuyouxiangongsi | yaojinhuadedianpu | AZA9VQCGMO4KX | 池店镇 大华路8号百捷中央名门3幢502室 晋江市 福建省 362212 CN |

**EXHIBIT 1 - Page 2 of 3**

| Pinyin Name | English Version |
|---|---|
| huizhoushizhanghuakejiyouxiangongsi | Huizhou Zhanghua Technology Co., Ltd. |
| shanghaicanglijianzhushejishiwusuo | Shanghai Cangli Architectural Design Studio |
| nanjingboangwangluokejiyouxiangongsi | Nanjing Boan Network Technology Co., Ltd. |
| shanxixinshishengyuanjianzhugongchengyouxiangongsi | Shanxi Xinshi Shengyuan Construction Engineering Co., Ltd. |
| xiantongfeng | Tongfeng Xian |
| ChenJiaYi | Jia Yi Chen |
| changshameixiaoqimaoyiyouxiangongsi | Changsha Meixiaoqi Trading Co., Ltd. |
| Cigdem Hacisalihoglu | Cigdem Hacisalihoglu |
| jiangpengju | Pengju Jiang |
| jinjiangshibubeidianzishangwuyouxiangongsi | Jinjiang Bubei E-commerce Co., Ltd. |

**EXHIBIT 1 - Page 3 of 3**